**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ROBERT LEE EDWARDS,                  :
                                     :        Civil Action No. 12-6642 (MAS)
                    Petitioner,      :
                                     :
          v.                         :        **OPINION**
                                     :
STATE OF NEW JERSEY, et al.,         :
                                     :
                    Respondents.     :

**APPEARANCES:**

Petitioner <u>pro</u> <u>se</u>
Robert Lee Edwards
A.D.T.C.
8 Production Way
Avenel, NJ 07001

**SHIPP**, District Judge

    Petitioner Robert Lee Edwards, a prisoner currently confined at the Adult Diagnostic and Treatment Center in Avenel, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] and an application for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.  The Respondents are the State of New

---

    [1] Section 2241 provides in relevant part:

    (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
    (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Jersey, the Administrator of the Treatment Center for Sex Offenders, and (USA) Federal Government (CORP).

Based on Petitioner's affidavit of indigence, this Court will grant Petitioner leave to proceed in forma pauperis. Because it appears from a review of the Petition that this Court lacks jurisdiction over this Petition, it will be dismissed without prejudice.  See 28 U.S.C. § 2243.

I.   BACKGROUND

Petitioner asserts that on August 30, 1990, pursuant to a guilty plea, he was sentenced in the Superior Court of New Jersey, Law Division, Mercer County, to an aggregate term of imprisonment of 60 years, with a 30-year parole disqualifier, for kidnapping, aggravated sexual assault, burglary, and robbery. See also State v. Edwards, Mercer Co. Indictment No. 89-02-0257, 2009 WL 4824711 (N.J. Super. App.Div. Dec. 16, 2009) (generally detailing the history of Petitioner's convictions, appeals, and collateral challenges to his convictions).[2]

Petitioner acknowledges that he previously filed in this Court a petition for writ of habeas corpus, challenging those convictions, pursuant to 28 U.S.C. § 2254.[3]  That petition was

---

[2] This Court will take judicial notice of the dockets of this and other courts in cases related to this Petition.  See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999).

[3] Section 2254 permits a federal court to entertain a petition for writ of habeas corpus "in behalf of a person in

2

denied on November 22, 1995, and Petitioner did not appeal.  See
Edwards v. Morton, Civil No. 95-2631(AET) (D.N.J.).

Here, Petitioner is again challenging the 1990 convictions,
asserting a right to relief based upon allegedly newly-discovered
evidence.[4]  Instead of proceeding pursuant to § 2254, however,
Petitioner asserts jurisdiction under 28 U.S.C. § 2241.

## II. DISCUSSION

A.   Legal Standard

"Habeas corpus petitions must meet heightened pleading
requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994).
Habeas Rule 2(c) requires a petition to "specify all the grounds
for relief available to the petitioner," "state the facts
supporting each ground," "state the relief requested," "be
printed, typewritten, or legibly handwritten," and "be signed
under penalty of perjury."  Rules Governing Section 2254 Cases in
the United States District Courts, Rule 2(c), (applicable to
Section 2241 petitions through Habeas Rule 1(b)).

Habeas Rule 4 requires the court to sua sponte dismiss a
petition without ordering a responsive pleading "[i]f it plainly

_____

custody pursuant to the judgment of a State court."

[4] Petitioner asserts, as "newly-discovered evidence" such
allegations as that (a) the police and courts of New Jersey are
"foreign entities" lacking jurisdiction to prosecute criminal
acts, because Britain actually owns the United States, and that
(b) the state and federal constitutions are "in suspension" under
the War Powers Act.

3

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856. Dismissal without the filing of an answer has been found warranted when "it appears on the face of the petition that petitioner is not entitled to [habeas] relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985).

B.   Analysis

Section 2241 of Title 28 of the United States Code generally confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2254 confers jurisdiction on district courts to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court ... on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S .C. § 2254(a) (emphasis added).

In Coady v. Vaughn, 251 F.3d 480 (3d Cir.2001), a Pennsylvania prisoner filed a petition pursuant to 28 U.S.C. §§ 2241 and 2254 challenging a decision of the state parole board denying his application for release on parole. On appeal, the Third Circuit determined that the District Court had no

jurisdiction under § 2241, and the exclusive remedy for a state

prisoner who challenged his detention is a habeas corpus petition

pursuant to 28 U.S.C. § 2254.   The Third Circuit explained:

> It is a well-established canon of statutory
> construction that when two statutes cover the same
> situation, the more specific statute takes precedence
> over the more general one. ... The rationale for this
> canon is that a general provision should not be applied
> "when doing so would undermine limitations created by a
> more specific provision." In the instant action, both
> Sections 2241 and 2254 authorize Coady's challenge to
> the legality of his continued state custody. However,
> with respect to habeas petitions filed by state
> prisoners pursuant to Section 2254, Congress has
> restricted the availability of second and successive
> petitions through Section 2244(b). Allowing Coady to
> file the instant petition in federal court pursuant to
> Section 2241 without reliance on Section 2254 would
> circumvent this particular restriction in the event
> that Coady seeks to repetition for habeas relief and
> would thereby thwart Congressional intent. Thus,
> applying the "specific governs the general" canon of
> statutory construction to this action, we hold that
> Coady must rely on Section 2254 in challenging the
> execution of his sentence.

Coady, 251 F.3d at 484-85 (citations, internal quotation marks,

and footnote omitted).   See also Felker v. Turpin, 518 U.S. 651,

662 (1996) ("Our authority to grant habeas relief to state

prisoners is limited by § 2254, which specifies the conditions

under which such relief may be granted to 'a person in custody

pursuant to the judgment of a State court.'").

Accordingly, this Court lacks jurisdiction to entertain this

Petition under § 2241; Petitioner must proceed under § 2254.

See, e.g., Taylor v. Holmes, Civil No. 12-4881(JBS), 2012 WL

4742922 (D.N.J. Oct. 3, 2012); <u>Showers v. Court of Common Pleas</u>,
Civil No. 11-0269, 2012 WL 6708397 (W.D.Pa. Dec. 26, 2012).

Therefore, this Court next considers its jurisdiction under
§ 2254. As noted above, Petitioner has previously filed a § 2254
petition which was denied. Title 28 U.S.C. § 2244(b)(2) permits
the filing of a second or successive § 2254 habeas petition only
under very narrow circumstances.[5] In addition, the gatekeeping
provision of § 2244(b)(3)(A), provides that "Before a second or
successive application permitted by this section is filed in the
district court, the applicant <u>shall</u> move in the appropriate court
of appeals for an order authorizing the district court to
consider the application." (Emphasis added.) If a second or
successive petition is filed in the district court without such
an order from the appropriate court of appeals, the district

_____

[5] More specifically, Section 2244(b)(2) permits the filing
of a second or successive § 2254 petition only if:

(A) the applicant shows that the claim relies on a new
rule of constitutional law, made retroactive to cases
on collateral review by the Supreme Court, that was
previously unavailable; or

(B)(i) the factual predicate for the claim could not
have been discovered previously through the exercise of
due diligence; and

(ii) the facts underlying the claim, if proven and
viewed in light of the evidence as a whole, would be
sufficient to establish by clear and convincing
evidence that, but for constitutional error, no
reasonable factfinder would have found the applicant
guilty of the underlying offense.

court may dismiss for want of jurisdiction or "shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631.

Here, Petitioner does not assert that he has obtained leave from the Court of Appeals to file this second or successive Petition, nor does a review of the Third Circuit's docket in the federal courts' Public Access to Court Electronic Records ("PACER") system reveal that Petitioner has applied to the Court of Appeals for leave to file this Petition.[6]  Accordingly, in the absence of an order authorizing the filing of this second or successive § 2254 Petition, this Court lacks jurisdiction to entertain it.

It does not appear that it would be in the interest of justice to transfer this Petition to the Court of Appeals as an application for leave to file a second or successive § 2254 petition.  Petitioner does not assert grounds for relief that fall within the narrow circumstances detailed in § 2244(b)(2) for the filing of a second or successive petition.  Accordingly, this Court will dismiss the Petition without prejudice.

---

[6] A PACER review does reveal that the Court of Appeals denied leave to file a second or successive petition in 2010. See In re Edwards, No. 10-2829 (3d Cir.).

C.   <u>Certificate of Appealability</u>

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find debatable the correctness of this Court's procedural ruling. No certificate of appealability shall issue.

8

III.   <u>CONCLUSION</u>

For the reasons set forth above, the Petition will be dismissed without prejudice for lack of jurisdiction.  No certificate of appealability shall issue.  An appropriate order follows.


_____
Michael A. Shipp
United States District Judge

Dated: 3/12/2013